UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON, | No. 2:23-cv-00006-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel in this civil action. In addition to filing a complaint (ECF No. 1), she has filed an application for leave to proceed in forma pauperis (ECF No. 4). The court will grant the application and screen the complaint pursuant to 28 U.S.C. § 1915A.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). However, court records reflect that plaintiff was previously determined to have filed at least three cases that were dismissed for failure to state a claim or as frivolous, meaning that plaintiff is a three-strikes litigant for purposes of 28 U.S.C. § 1915(g). *See Pinson c. CDCR*, No. 3:13-cv-05502-VC (N.D. Cal. Feb, 20, 2015); *Pinson v. FBI*, No. 3:14-cv-04319-VC (N.D. Cal. Mar. 4, 2015).

/////

1

An exception to the three-strikes rule exists "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Here, plaintiff's complaint satisfies the imminent danger exception. *See* ECF No. 1 (alleging that plaintiff, a transgender inmate, is routinely subject to sexual and physical abuse and that her long-term segregated housing causes her to feel suicidal). Accordingly, plaintiff's application for leave to proceed in forma pauperis is granted. By separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of

/////

a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

The only claims that may proceed in this action must relate to the alleged imminent danger. *See Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Here, the alleged imminent danger concerns the risk to plaintiff of sexual and physical abuse and the mental toll she suffers from long-term segregated housing. Plaintiff alleges she has experienced abuse while housed in both California and Arizona, but she is currently confined to USP-Tucson in Arizona.[1] ECF No. 1 at 1, 3. Plaintiff alleges she is currently exposed to an inmate who threatens to rape her daily. *Id.* at 3. She further alleges that she is mentally ill and has been housed in segregation for years with only minor breaks, causing her to feel suicidal. *Id.* at 4.

None of the defendants named are staff at USP-Tucson. Instead, plaintiff has named Rios and Hinckle as defendants, both of whom are alleged to be Regional Directors of the Federal Bureau of Prisons, located in Stockton, California. *Id.* at 1-2. Plaintiff alleges that these defendants are responsible for supervising, training, and disciplining staff. *Id.* at 3. She further contends that they have ignored her allegations of staff misconduct and her pleas for help. *Id.* at 3-4. As a result, she claims she has suffered more than five serious assaults requiring hospitalization. *Id.* at 3.

---

[1] Because the alleged imminent danger arises from plaintiff's conditions of confinement at USP-Tucson, venue in this court is unlikely to be proper. USP-Tucson lies within the venue of the District of Arizona, and not in this court. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 82.

Plaintiff's claims, while troubling, cannot survive screening.  Even if the Regional Directors in California were aware of plaintiff's problems in Arizona, plaintiff fails to plead facts showing that either Rios or Hinckle had any role in, or caused the alleged harm to plaintiff, including any failure to protect her from assaults or neglecting her mental health needs.  Because plaintiff does not allege facts showing that either supervisory defendant personally participated in a constitutional violation or the existence of a "sufficient causal connection" between their conduct and her alleged injuries, she fails to state a claim upon which relief could be granted.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  For these reasons, plaintiff's complaint is dismissed.  In an abundance of caution, the court will grant plaintiff leave to amend.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607.  Nor may she bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

/////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 4) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Federal Bureau of Prisons filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 10, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE