UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON, | No. 2:23-cv-00006-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel and in forma pauperis in this civil action.[1] After dismissal of the original complaint upon screening pursuant to 28 U.S.C. § 1915A, plaintiff filed an amended complaint (ECF No. 7).[2] The amended complaint involves the same claims, parties, and available relief as that of an earlier filed complaint that is currently pending in the United States District Court for the District of Arizona. *See Pinson v. Carvajal*, 4:22-cv-00298-RM (D. Ariz.).

/////

---

[1] Although plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g), the court granted plaintiff's application for leave to proceed in forma pauperis because she alleged in her original complaint that she faced an imminent danger of serious physical harm. ECF No. 5 at 2.

[2] Plaintiff also filed two "motions for clarification" (ECF Nos. 8 & 10), a motion for preliminary injunction (ECF No. 9), and a motion for the appointment of counsel (ECF No. 9).

1

In general, a suit is duplicative of another "if the claims, parties, and available relief do not significantly differ between the two actions." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). "Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative." *Goods v. Wasco State Prison*, 2019 U.S. Dist. LEXIS 164663, at *3 (E.D. Cal. Sept. 25, 2019). "[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012).

Plaintiff, a transgender inmate, alleges in this case and the Arizona case that she is routinely subject to sexual and physical abuse and that her long-term segregated housing causes her to feel suicidal. ECF No. 1; ECF No. 7 at 5, 13, 16, 21, 24-27; *Pinson*, ECF No. 14 (Second Amended Complaint, "SAC") at 15-17, 21. She claims that the Federal Bureau of Prisons (BOP) retaliates against her for pursuing her legal rights be keeping her confined to the special housing unit ("SHU") and threatening to transfer her to another prison. ECF No. 7 at 7-20; *Pinson*, SAC at 23, 26-33. She also claims that the BOP has violated her Eighth Amendment rights by (1) failing to consider her housing preferences as a transgender inmate (ECF No. 1 at 10-11; *Pinson*, SAC at 19-20), (2) denying her requests to be housed in woman's facility (ECF No. 1 at 27; *Pinson*, SAC at 14-15, 22), (3) housing her for prolonged periods of time in the SHU (ECF No. 1 at 5, 13, 16, 21, 24-27; *Pinson*, SAC at 15, 17, 24), and (4) failing to protect her from repeated physical and sexual assaults in violation of 28 C.F.R. § 115.667 (ECF No. 1 at 5, 7-20; *Pinson*, SAC at 14-17, 20-24). In both cases, plaintiff's request for relief[3] seeks to require strict enforcement of 28 C.F.R. § 115.67, to enjoin the BOP from housing plaintiff for prolonged periods of time in the SHU, and to offer plaintiff a housing alternative to a cisgender male prison. ECF No. 7 at 6; *Pinson*, SAC at 7.

/////

/////

---

[3] Plaintiff also requests damages in this action. ECF No. 7 at 6.

In the present action, plaintiff names as defendants the BOP, USP-Tucson Warden Mark Gutierrez, the United States of America, and BOP Western Regional Director Mary Rios. ECF No. 7 at 1. In the Arizona action, plaintiff also named as defendants the BOP and USP-Tucson Warden Mark Gutierrez. *Pinson*, SAC at 1-2. She also named four additional individual defendants. *Id.* Although the individual defendants in each action are not identical, both cases assert claims that the BOP is not safely housing plaintiff as a transgender inmate, that the BOP retaliates against plaintiff for her legal pursuits by keeping her confined to the SHU, and that these circumstances cause plaintiff to feel suicidal. Both actions seek injunctive relief aimed at providing plaintiff with safer housing options.

Based on the foregoing, the court finds that the claims, relief sought, and parties to this action and to the Arizona action do not significantly differ. This action is therefore duplicative of the prior Arizona action and should be dismissed.[4] *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1144 (E.D. Cal. 1999) (when a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action). In light of this recommendation, the court also recommends that the pending motions for clarification (ECF Nos. 8 & 10), motion for preliminary injunction (ECF No. 9), and motion for the appointment of counsel (ECF No. 9) be denied as moot.

Accordingly, IT IS ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to his action.

/////
/////
/////
/////
/////

---

[4] "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

Further, it is hereby RECOMMENDED that this action be dismissed as duplicative and all pending motions (ECF Nos. 8, 9, 10) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 1, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE